# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOU SENG SEE,<br><br>            Plaintiff,<br><br>    v.<br><br>A. RIVAS, et al.,<br><br>            Defendants. | Case No.: 1:23-cv-001354-NODJ-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF No. 11)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Mou Seng See ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. Plaintiff's complaint was screened, and Plaintiff was granted leave to amend. Plaintiff's first amended complaint is currently before this Court for screening. (ECF No. 11.)

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is currently housed at California Substance Abuse and Treatment Facility ("SATF") where the events in the complaint are alleged to have occurred.  Plaintiff names as defendants: (1) Sgt. A. Rivas, E-yard, (2) Officer R. Rivera, kitchen second watch dining officer, (3) RN P. Roman. E yard, and (4) M. Dorado, E yard Officer 2.

In claim 1, Plaintiff alleges violation of the Eighth Amendment for "medical care, failure to protection, condition of confinement" and Fourteenth Amendment equal protection and deliberate indifference,[1] and for state law negligence.

On 7/24/23, Plaintiff was found by Officer Rivera.  Defendant Rivera found Plaintiff unconscious, unresponsive, with bruising, swelling on Plaintiff's face and unable to walk on Plaintiff's own.  Plaintiff was seriously injured and in need of immediate medical aid.  Officer Rivera failed to initiate his alarm for assistance and "medical personal officer knew that he should of waited for medical personal because if he moves me not knowing it will do further damage then the injuries I have already suffered."  (spelling corrected)  He did not care for Plaintiff's

---

[1] Plaintiff's claims will be screened under the Eighth Amendment.  "Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause." *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1067 (9th Cir. 2016).

well-being. Health officer woke Plaintiff up and picked Plaintiff up and escorted Plaintiff to another officer for assistance. Officer R. Rivera knows his action can result in Plaintiff sustaining more injuries because he didn't care. Plaintiff believes the officer made this decision because he knew that Plaintiff filed several lawsuits against the department. He knew the decision that he made can result in Plaintiff losing Plaintiff's memories or life, which will result in Plaintiff's lawsuits being dismissed.

Officer Rivera knows that every day after work is done feeding the inmate population, Plaintiff cleans the work stations, with other workers. Officers are aware that inmates have slipped in the past due to wet floor. Officer Rivera never took the time to address the situation and to use wet floor signs. Someone could be assaulted because of slipping on wet floor "like in my case."

In claim 2, Plaintiff alleges Eighth Amendment violation for medical care, failure to protect, First Amendment violation for retaliation, Fourteenth Amendment violation for violation of equal protection. On 7/24/23, Officer R. Rivera escorted Plaintiff to the front of E dining and passed Plaintiff off to Officer M. Dorado. The officer saw that Plaintiff was unable to walk on his own and had bruising around one of Plaintiff's eyes and cuts. The visual signs were that Plaintiff was injured, but Plaintiff does not remember the events as he was unconscious. Instead of calling for immediate assistance, M. Dorado handcuffed Plaintiff, searched Plaintiff, and took Plaintiff to the E yard gym in a holding cage. He left Plaintiff there to suffer or die. The officer knew that Plaintiff was injured and if he moved Plaintiff again, it could further injuries. He did not care about Plaintiff's life or injuries. Plaintiff believes Officer Dorado made the decision because he knew that Plaintiff had multiple lawsuits against the department and knew his action would result in further injuries and damages to Plaintiff.

As remedies, Plaintiff seeks damages.

**III.   Discussion**

**A.   Federal Rule of Civil Procedure 8**

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations

are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Here, Plaintiff's complaint is short, but is not a clear statement. As to most of Plaintiff's factual allegations, they are conclusory as to how each defendant knew Plaintiff had a serious medical need but were deliberately indifferent, as explained below, and fails to identify how each defendant violated Plaintiff's constitutional rights. Plaintiff's conclusory allegations are not sufficient.  Plaintiff has been unable to cure this deficiency.

**B.     Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff fails to link Sgt Rivas and RN Roman to any wrongful conduct. To state a claim for relief under section 1983, Plaintiff must link each defendant with some affirmative act or omission demonstrating a violation of Plaintiff's federal rights.  Plaintiff has failed to correct this deficiency.

///

### C. Eighth Amendment – Medical Care

A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096. In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d at 242, overruled in part on other grounds, *Peralta v. Dillard*, 744 F.3d 1076, 1082–83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122–23 (9th Cir. 2012)) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and

1    that the defendants chose this course in conscious disregard of an excessive risk to [his] health."

2    *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted).

3      At the pleading stage, and liberally construing the allegations, Plaintiff has alleged facts

4    that he was in serious medical need.  He was unconscious or unable to walk and visibly injured.

5      Liberally construing the allegations in the first amended complaint, Plaintiff states a claim

6    against Defendants Rivera and Dorado for deliberate indifference to medical care.

7      Plaintiff fails to state a claim against Sgt. A. Rivas, E-yard and RN P. Roman, E yard.

8    Plaintiff fails to include any allegation against either defendant.  Plaintiff has been unable to cure

9    this deficiency.

10     **C.**  **Eighth Amendment – Failure to Protect**

11     It is unclear if Plaintiff is attempting to allege a claim for failure to protect.  Prison

12   officials "are under an obligation to take reasonable measures to guarantee the safety of the

13   inmates." *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). A prisoner may state a Section 1983

14   claim under the Eighth Amendment against prison officials where the officials acted with

15   deliberate indifference to the threat of serious harm or injury to him. *Labatad v. Corrections

16   Corp. of America*, 714 F.3d 1155, 1160 (9th Cir. 2013). Prison officials have a duty under the

17   Eighth Amendment to protect prisoners from violence at the hands of other prisoners or others

18   because being violently assaulted in prison is simply not part of the penalty that criminal

19   offenders pay for their offenses against society. *Farmer*, 511 U.S. at 833; *Clem v. Lomeli*, 566

20   F.3d 1177, 1181 (9th Cir.2009); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005).

21   However, prison officials are liable under the Eighth Amendment only if they demonstrate

22   deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it

23   is well settled that deliberate indifference occurs when an official acted or failed to act despite his

24   knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 834, 841; *Clem*, 566 F.3d at

25   1181; *Hearns*, 413 F.3d at 1040. The official is not liable under the Eighth Amendment unless he

26   "knows of and disregards an excessive risk to inmate health or safety; the official must both be

27   aware of facts from which the inference could be drawn that a substantial risk of serious harm

28   exists, and he must also draw the inference." *Farmer*, at 837.

1    Plaintiff fails to state a cognizable claim against any Defendant because Plaintiff fails to
2    allege any factual support that each defendant was aware that Plaintiff was at risk of serious harm
3    at the hands of another inmate and failed to take reasonable action. Plaintiff's conclusory
4    allegation that he was assaulted is insufficient. Plaintiff does not allege factual support each
5    Defendants "knew" Plaintiff was at risk but failed to take reasonable action.

**D.    Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Silva*, 658 at 1104; *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Adverse action taken against a prisoner "need not be an independent constitutional violation. The mere threat of harm can be an adverse action." *Watison*, 668 F.3d at 1114 (internal citations omitted). A causal connection between the adverse action and the protected conduct can be alleged by an allegation of a chronology of events from which retaliation can be inferred. *Id.* The filing of grievances and the pursuit of civil rights litigation against prison officials are both protected activities. *Rhodes*, 408 F.3d at 567–68. The plaintiff must allege either a chilling effect on future First Amendment activities, or that he suffered some other harm that is "more than minimal." *Watison*, 668 F.3d at 1114. A plaintiff successfully pleads that the action did not reasonably advance a legitimate correctional goal by alleging, in addition to a retaliatory motive, that the defendant's actions were "arbitrary and capricious" or that they were "unnecessary to the maintenance of order in the institution." *Id.*

Plaintiff fails to allege the facts for each of the elements of a claim for retaliation against

7

any defendant. Plaintiff's allegations are conclusory as to any protected conduct he in engaged in, and fails to allege facts that each defendant knew of Plaintiff's lawsuits, i.e., the causal connection. Plaintiff's conclusory allegation of his "belief" that defendants knew of his lawsuits is insufficient. Plaintiff also fails to allege that any conduct chilled Plaintiff's First Amendment rights or that it did not reasonably advance a legitimate correctional goal. Plaintiff has been unable to cure this deficiency.

### E. Conditions of Confinement – Slippery floor

The Eighth Amendment protects prisoners from inhumane conditions of confinement, including in work programs. *See Rhodes v. Chapman*, 452 U.S. 337, 344–37, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). Thus,

> [i]n the working conditions context, the Eighth Amendment is implicated only when a prison employee alleges that a prison official compelled him to "perform physical labor which [was] beyond [his] strength, endanger[ed] his life] or health, or cause[d] undue pain." *Morgan* [*v. Morgensen* ], 465 F.3d [1041] at 1045 [ (9th Cir.2006) ], quoting *Berry v. Bunnell*, 39 F.3d 1056 (9th Cir.1994). Resolution of an Eighth Amendment claim entails inquiry into the official's state of mind. Prison officials are liable only if they were deliberately indifferent to a substantial risk of serious harm. *Farmer*, 511 U.S. at 837.

*Howard v. Hedgpeth*, Civil No. 08cv00859–RTB(PCL), 2011 WL 386980, at *6 (E.D.Cal. Feb. 3, 2011). "Not every injury that a prisoner sustains while in prison represents a constitutional violation." *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.2006). Negligently ignoring a safety hazard falls short of the "deliberate indifference" required to establish a constitutional violation, unless the defendant's conduct exacerbated an existing danger in some manner. *See*, *e.g., Hoptowit v. Spellman*, 753 F.2d 779, 784 (9th Cir.1985); *Osolinski v. Kane*, 92 F.3d 934 (9th Cir.1996) (defendants entitled to qualified immunity against prisoner's Eighth Amendment claim stemming from second degree burns suffered when oven door fell off its hinges and burned his arms); *Jackson v. State of Arizona*, 885 F.2d 639, 641 (9th Cir.1989) (slippery floors, by themselves, do not amount to cruel and unusual punishment).

Plaintiff alleges only a negligence claim for the slippery floor. Further, the Constitution does not mandate any specific training by supervisors for prison work assignments (unless deliberately indifferent to a substantial risk of serious harm), and specifically here, where a

potential injury from a slippery wet floor is obvious.  Plaintiff has been unable to cure this deficiency.

### F.     Equal Protection

The Equal Protection Clause requires the State to treat all similarly situated people equally.  *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  This does not mean, however, that all prisoners must receive identical treatment and resources.  *See Cruz v. Beto*, 405 U.S. 319, 322 n.2 (1972); *Ward v. Walsh*, 1 F.3d 873, 880 (9th Cir. 1993); *Allen v. Toombs*, 827 F.2d 563, 568–69 (9th Cir. 1987).

"To prevail on an Equal Protection claim brought under § 1983, Plaintiff must allege facts plausibly showing that ' "the defendants acted with an intent or purpose to discriminate against [them] based upon membership in a protected class,' " (citing *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005)) (quoting *Lee v. City of L.A.*, 250 F.3d 668, 686 (9th Cir. 2001)), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601–02 (2008); *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008); *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff has not stated a cognizable equal protection claim.  Plaintiff does not allege that he was discriminated against because of his membership in any protected class.  He also does not allege factual support that he was intentionally treated differently than other similarly situated inmates without a rational relationship to a legitimate state purpose.  Plaintiff has not provided any factual support for this claim.  *Fletcher v. Clendenin*, No. 1:22-CV-00249 AWI BAM, 2022 WL 2791480, at *5 (E.D. Cal. July 15, 2022) (Equal Protection claim dismissed for failure to allege factual support for denial of treatment based on membership in a protected class).  Plaintiff has been unable to cure this deficiency.

### G.  State Law Claims

Plaintiff alleges a negligence claim.  To the extent Plaintiff also alleges violations of California law, Plaintiff is informed that the California Government Claims Act requires that a

tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. *State v. Superior Court of Kings County (Bodde)*, 32 Cal.4th 1234, 1239 (Cal. 2004); *Shirk v. Vista Unified School District*, 42 Cal.4th 201, 209 (2007). To state a tort claim against a public employee, a plaintiff must allege compliance with the California Tort Claims Act. Cal. Gov't Code § 950.6; Bodde, 32 Cal.4th at 1244. "[F]ailure to allege facts demonstrating or excusing compliance with the requirement subjects a compliant to general demurrer for failure to state a cause of action." Bodde, 32 Cal.4th at 1239.

As Plaintiff has not alleged compliance with the Government Claims Act, he has failed to state a claim under California law.

### IV. Conclusion and Order

Based on the above, the Court finds that Plaintiff's first amended complaint states a cognizable claim against Defendants R. Rivera and M. Dorado for deliberate indifference to the need for medical care in violation of the Eighth Amendment. However, Plaintiff's first amended complaint fails to state any other cognizable claims for relief against any other defendants. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies and further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's first amended complaint, filed November 22, 2023, (ECF No. 11), against Defendants R. Rivera and M. Dorado for deliberate indifference to the need for medical care in violation of the Eighth Amendment; and

2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

\* \* \*

These Findings and Recommendations will be submitted to the United States District

Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **December 22, 2023**              /s/ Barbara A. McAuliffe          _
                                            UNITED STATES MAGISTRATE JUDGE