1

2

3

4            # UNITED STATES DISTRICT COURT

5                 EASTERN DISTRICT OF CALIFORNIA

6

7   MOU SENG SEE,                          Case No.  1:23-cv-01354-NODJ-BAM (PC)

8                    Plaintiff,            ORDER DENYING MOTION TO DENY
                                           SCREENING REQUIREMENTS AND
9        v.                                STANDARDS BY U.S. MAGISTRATE
                                           JUDGE AS MOOT
10  RIVAS, *et al.*,                       (ECF No. 19)

11                   Defendants.           ORDER VACATING DECEMBER 22, 2023
                                           FINDINGS AND RECOMMENDATIONS
12                                         (ECF No. 18)

13                                         **AMENDED** FINDINGS AND
                                           RECOMMENDATIONS RECOMMENDING
14                                         DISMISSAL OF CERTAIN CLAIMS

15                                         **FOURTEEN (14) DAY DEADLINE**

16

## I.      Procedural Background

Plaintiff Mou Seng See ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On December 22, 2023, the undersigned screened Plaintiff's first amended complaint and issued findings and recommendations that this action proceed against Defendants R. Rivera and M. Dorado for deliberate indifference to the need for medical care in violation of the Eighth Amendment.  (ECF No. 18.)  The undersigned further recommended that all other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.  (*Id.*)  The findings and recommendations were served on Plaintiff and contained notice that any objections were to be filed within fourteen days after service.  (*Id.* at 10–11.)  On January 2, 2024, Plaintiff filed a motion to deny screening requirements and standards by U.S. Magistrate Judge, (ECF No. 19), and on January 4, 2024, filed objections to the findings and

1

1   recommendations, (ECF No. 20).

2   **II.    Plaintiff's Motion Regarding Magistrate Judge Jurisdiction**

3       In his motion, Plaintiff states that he did not consent to allow a Magistrate Judge to

4   preside over his case, and therefore the undersigned does not have jurisdiction to screen this

5   action.  (ECF No. 19.)

6       Plaintiff's motion is denied as moot.  Plaintiff is correct that a Magistrate Judge does not

7   have jurisdiction to make dispositive rulings without all parties' written consent.  28 U.S.C.

8   § 636(c).  However, even if a party declines to consent, a Magistrate Judge shall continue to

9   perform all duties as required by Local Rule 302.  This includes the screening of complaints.

10  Plaintiff is informed that any potentially dispositive rulings, such as the dismissal of claims or

11  defendants, are referred to the District Judge for review by the issuance of findings and

12  recommendations.  Unless all parties provide written consent to Magistrate Judge jurisdiction, the

13  undersigned will continue to issue findings and recommendations for any potentially dispositive

14  rulings, and those findings and recommendations will be reviewed by a District Judge.

15  Accordingly, Plaintiff's motion is denied as moot.

16  **III.   Plaintiff's Objections**

17      In his objections, Plaintiff argues that his third and fourth claims, which were included on

18  additional pages attached to the form complaint, were omitted from the screening order.  (ECF

19  No. 20.)  Plaintiff does not raise any other objections to the findings and recommendations.  Upon

20  review of Plaintiff's objections and the first amended complaint, the Court finds that the third and

21  fourth claims were inadvertently omitted from the Court's screening.  Accordingly, the Court

22  finds it appropriate to vacate the findings and recommendations issued on December 22, 2023 and

23  to issue the following amended findings and recommendations.

24      Plaintiff's first amended complaint, filed November 22, 2023, is therefore currently before

25  the Court for screening.  (ECF No. 11.)

26  **IV.    Screening Requirement and Standard**

27      The Court is required to screen complaints brought by prisoners seeking relief against a

28  governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C.

§ 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## V.    Plaintiff's Allegations

Plaintiff is currently housed at California Substance Abuse and Treatment Facility ("SATF") in Corcoran, California, where the events in the complaint are alleged to have occurred. Plaintiff names as defendants: (1) Sgt. A. Rivas, E-yard; (2) RN P. Roman, E-yard; (3) 2nd Watch E-Kitchen Supervisor R. Rivera; and (4) M. Dorado, E-yard Officer 2.

In claim 1, Plaintiff alleges Eighth Amendment violations for "medical care, failure to protect, condition of confinement (slippery floor)," Fourteenth Amendment violations of equal protection and deliberate indifference,[1] and for state law negligence.

///

---

[1] Plaintiff's claims will be screened under the Eighth Amendment.  "Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause." *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1067 (9th Cir. 2016).

3

On 7/24/23, Plaintiff was found by Officer R. Rivera.  Defendant Rivera found Plaintiff unconscious, unresponsive, with bruising, swelling on Plaintiff's face and unable to walk on Plaintiff's own.  Plaintiff was seriously injured and in need of immediate medical aid.  Officer Rivera failed to initiate his alarm for assistance and "medical personal officer knew that he should of waited for medical personal because if he moves me not knowing it will do further damage then the injuries I have already suffered."  (ECF No. 1, p. 5 (unedited text).)  He did not care for Plaintiff's well-being.  Health officer woke Plaintiff up and picked Plaintiff up and escorted Plaintiff to another officer for assistance.  Officer R. Rivera knows his actions can result in Plaintiff sustaining more injuries but he didn't care.  Plaintiff believes the officer made this decision because he knew that Plaintiff filed several lawsuits against the department.  He knew the decision that he made can result in Plaintiff losing Plaintiff's memories or life, which will result in Plaintiff's lawsuits being dismissed or Plaintiff being physically unable to file further lawsuits or complaints.

Officer Rivera knows that every day after workers are done feeding the inmate population, they clean their work stations.  Officers are aware that inmates have slipped in the past due to wet floors.  Officer Rivera never took the time to address the situation and to use wet floor signs.  Someone could be assaulted because of slipping on wet floor "like in my case."

In claim 2, Plaintiff alleges an Eighth Amendment violation for medical care and failure to protect, a First Amendment violation for retaliation, and a Fourteenth Amendment violation for violation of equal protection.

On 7/24/23, Officer R. Rivera escorted Plaintiff to the front of E-dining and passed Plaintiff off to Officer M. Dorado.  The officer saw that Plaintiff was unable to walk on his own and had bruising around one of Plaintiff's eyes and cuts.  The visual signs indicated that Plaintiff was injured, but Plaintiff does not remember the events as he was unconscious.  Instead of calling for immediate assistance, Officer M. Dorado handcuffed Plaintiff, searched Plaintiff, and took Plaintiff to the E-yard gym.  Officer Dorado put Plaintiff in a holding cage and left Plaintiff there to suffer and die.  The officer knew that Plaintiff was injured and if he moved Plaintiff again, it could further injuries.  He did not care about Plaintiff's life or injuries.  Plaintiff believes Officer

1  Dorado made the decision because he knew that Plaintiff had multiple lawsuits against the

2  department and knew his action would result in further injuries and damages to Plaintiff.

3       In claim 3, Plaintiff alleges Eighth Amendment violations for medical care and failure to

4  protect, a First Amendment violation for retaliation, and a Fourteenth Amendment violation of

5  equal protection.

6       On 7/24/23, Plaintiff was in the E-yard gym.  He only knows how he got there by officer

7  reports.  Plaintiff was unconscious and does not remember RN P. Roman ever conducting a

8  medical evaluation.  Defendant Roman says that Plaintiff was in the holding cage, claims that

9  Plaintiff refused medical care, and said that if Plaintiff wanted medical care he needed to put in a

10 7362 Request to be seen.  Plaintiff believes RN Roman is lying because he does not remember

11 Roman ever asking him any questions and he does not remember even seeing her in the gym.

12      RN Roman knew Plaintiff was injured because in her report she states "Abrasian,

13 Scratches, Bruises, Discolored area Swollen area and Redness area Front right and left face and

14 neck area."  (ECF No. 1, p. 8.)  She also stated at the chapel that she saw the video of what had

15 happened to Plaintiff, proving that Plaintiff was in need of medical aid the whole time.  Roman

16 left Plaintiff in the E-gym holding cage to suffer and die.  She saw Plaintiff's back head hitting

17 the wall, Plaintiff getting kicked in the head with a boot, and Plaintiff unconscious for who knows

18 how long.  Roman knew the longer she waited to provide medical attention can and will result in

19 further damage, injuries, even death, but she chose to ignore her training.

20      Plaintiff believes Roman knew that he filed several lawsuits against the department and

21 knew that her decision could result in Plaintiff not being able to file future complaints and his

22 cases being dismissed if she decided to not provide medical aid.

23      In claim 4, Plaintiff alleges Eighth Amendment violations for medical care and failure to

24 protect, a First Amendment violation for retaliation, and a Fourteenth Amendment violation of

25 equal protection.

26      On 7/24/23, Sgt. A. Rivas was informed by Officer Rivera that Plaintiff was involved in

27 an altercation and was discovered as having injuries.  Sgt. Rivas stated he reviewed the video

28 footage of the altercation, proving that Sgt. Rivas was aware that the back of Plaintiff's head hit

1  the wall, he was knocked out, was on the floor, and was kicked in the head with a boot.  Sgt.

2  Rivas failed to notify medical personnel, and failed to call in that he saw the video and that

3  Plaintiff needed immediate medical attention because Plaintiff was seriously injured.

4        Sgt. Rivas came to the E-gym, and at that time could have told the nurses that he saw the

5  video and that Plaintiff needed to be treated immediately, but he did nothing.  Instead, Sgt. Rivas

6  came to mock Plaintiff, saying Plaintiff was fighting.  Sgt. Rivas made a hand gesture that can

7  only be seen by watching the video footage.  Sgt. Rivas's actions prove that he did not care for

8  Plaintiff's life, wellbeing, or health.  Sgt. Rivas's failure to notify medical personnel resulted in

9  Plaintiff having complications.  Sgt. Rivas knew his inaction could result in further injuries, even

10  death, but chose to do nothing because Plaintiff filed a complaint on him for lying on a legal

11  document, and because Plaintiff is filing several lawsuits against the department.  Sgt. Rivas

12  knew that Plaintiff's injuries could result in Plaintiff not being able to continue with his lawsuit if

13  he died from his injuries, which would benefit Sgt. Rivas and the department.

14        As remedies, Plaintiff seeks damages.

15  **VI.    Discussion**

16        **A.    Federal Rule of Civil Procedure 8**

17        Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim

18  showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Detailed factual allegations

19  are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

20  conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must

21  set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

22  its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations

23  are accepted as true, legal conclusions are not.  *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*,

24  572 F.3d at 969.

25        Here, Plaintiff's complaint is short, but is not a clear statement.  As to most of Plaintiff's

26  factual allegations, they are conclusory as to how each defendant knew Plaintiff had a serious

27  medical need but were deliberately indifferent, as explained below, and fails to identify how each

28  defendant violated Plaintiff's constitutional rights. Plaintiff's conclusory allegations are not

1  sufficient.  Plaintiff has been unable to cure this deficiency.

2  **B.      Eighth Amendment**

3  The Eighth Amendment protects prisoners from inhumane methods of punishment and

4  from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.

5  2006).  The unnecessary and wanton infliction of pain violates the Cruel and Unusual

6  Punishments Clause of the Eighth Amendment.  *Hudson v. McMillian*, 503 U.S. 1, 5 (1992)

7  (citations omitted).  Although prison conditions may be restrictive and harsh, prison officials must

8  provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.

9  *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

10  **1.      Medical Care**

11  A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in

12  violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate

13  indifference to serious medical needs."  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)

14  (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  The two-part test for deliberate

15  indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure

16  to treat a prisoner's condition could result in further significant injury or the 'unnecessary and

17  wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately

18  indifferent."  *Jett*, 439 F.3d at 1096.

19  A defendant does not act in a deliberately indifferent manner unless the defendant "knows

20  of and disregards an excessive risk to inmate health or safety."  *Farmer v. Brennan*, 511 U.S. 825,

21  837 (1994).  "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609

22  F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is

23  shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible

24  medical need" and the indifference caused harm.  *Jett*, 439 F.3d at 1096.  In applying this

25  standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have

26  been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,'

27  'negligence,' or 'medical malpractice' will not support this cause of action."  *Broughton v. Cutter*

28  *Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06).  Even gross

1 negligence is insufficient to establish deliberate indifference to serious medical needs.  *See Wood*

2 *v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

3       Further, a "difference of opinion between a physician and the prisoner—or between

4 medical professionals—concerning what medical care is appropriate does not amount to

5 deliberate indifference."  *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v.*

6 *Vild*, 891 F.2d at 242, overruled in part on other grounds, *Peralta v. Dillard*, 744 F.3d 1076,

7 1082–83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122–23 (9th Cir. 2012)) (citing

8 *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)).  Rather, Plaintiff "must show that the

9 course of treatment the doctors chose was medically unacceptable under the circumstances and

10 that the defendants chose this course in conscious disregard of an excessive risk to [his] health."

11 *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted).

12       At the pleading stage, and liberally construing the allegations, Plaintiff has alleged facts

13 that he was in serious medical need.  He was unconscious or unable to walk and visibly injured.

14       Liberally construing the allegations in the first amended complaint, Plaintiff states a claim

15 against Defendants Rivera, Dorado, Rivas, and Roman for deliberate indifference to medical care.

16          **2.**      **Failure to Protect**

17       It is unclear if Plaintiff is attempting to allege a claim for failure to protect.  Prison

18 officials "are under an obligation to take reasonable measures to guarantee the safety of the

19 inmates."  *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984).  A prisoner may state a Section 1983

20 claim under the Eighth Amendment against prison officials where the officials acted with

21 deliberate indifference to the threat of serious harm or injury to him.  *Labatad v. Corrs. Corp. of*

22 *Amer.*, 714 F.3d 1155, 1160 (9th Cir. 2013).  Prison officials have a duty under the Eighth

23 Amendment to protect prisoners from violence at the hands of other prisoners or others because

24 being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for

25 their offenses against society.  *Farmer*, 511 U.S. at 833; *Clem v. Lomeli*, 566 F.3d 1177, 1181

26 (9th Cir.2009); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005).  However, prison

27 officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference

28 to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that

deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 834, 841; *Clem*, 566 F.3d at 1181; *Hearns*, 413 F.3d at 1040. The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, at 837.

Plaintiff fails to state a cognizable claim against any Defendant because Plaintiff fails to allege any factual support that any defendant was aware that Plaintiff was at risk of serious harm at the hands of another inmate and failed to take reasonable action. Plaintiff's conclusory allegation that he was assaulted is insufficient. Plaintiff does not allege factual support that any Defendants "knew" Plaintiff was at risk but failed to take reasonable action.

### 3.     Conditions of Confinement – Slippery Floor

The Eighth Amendment protects prisoners from inhumane conditions of confinement, including in work programs. *See Rhodes v. Chapman*, 452 U.S. 337, 344–37 (1981). Thus,

> [i]n the working conditions context, the Eighth Amendment is implicated only when a prison employee alleges that a prison official compelled him to "perform physical labor which [was] beyond [his] strength, endanger[ed] his life] or health, or cause[d] undue pain." *Morgan* [*v. Morgensen*], 465 F.3d [1041] at 1045 [(9th Cir. 2006)], quoting *Berry v. Bunnell*, 39 F.3d 1056 (9th Cir. 1994). Resolution of an Eighth Amendment claim entails inquiry into the official's state of mind. Prison officials are liable only if they were deliberately indifferent to a substantial risk of serious harm. *Farmer*, 511 U.S. at 837.

*Howard v. Hedgpeth*, Civil No. 08cv00859–RTB (PCL), 2011 WL 386980, at *6 (E.D. Cal. Feb. 3, 2011). "Not every injury that a prisoner sustains while in prison represents a constitutional violation." *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Negligently ignoring a safety hazard falls short of the "deliberate indifference" required to establish a constitutional violation, unless the defendant's conduct exacerbated an existing danger in some manner. *See*, *e.g.*, *Hoptowit v. Spellman*, 753 F.2d 779, 784 (9th Cir. 1985); *Osolinski v. Kane*, 92 F.3d 934 (9th Cir. 1996) (defendants entitled to qualified immunity against prisoner's Eighth Amendment claim stemming from second degree burns suffered when oven door fell off its hinges and burned

his arms); *Jackson v. State of Arizona*, 885 F.2d 639, 641 (9th Cir. 1989) (slippery floors, by themselves, do not amount to cruel and unusual punishment).

Plaintiff alleges only a negligence claim for the slippery floor.  Further, the Constitution does not mandate any specific training by supervisors for prison work assignments (unless deliberately indifferent to a substantial risk of serious harm), and specifically here, where a potential injury from a slippery wet floor is obvious.  Plaintiff has been unable to cure this deficiency.

### C.      First Amendment – Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim.  *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567−68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Silva*, 658 at 1104; *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Adverse action taken against a prisoner "need not be an independent constitutional violation.  The mere threat of harm can be an adverse action."  *Watison*, 668 F.3d at 1114 (internal citations omitted).  A causal connection between the adverse action and the protected conduct can be alleged by an allegation of a chronology of events from which retaliation can be inferred.  *Id.*  The filing of grievances and the pursuit of civil rights litigation against prison officials are both protected activities.  *Rhodes*, 408 F.3d at 567–68.  The plaintiff must allege either a chilling effect on future First Amendment activities, or that he suffered some other harm that is "more than minimal."  *Watison*, 668 F.3d at 1114.  A plaintiff successfully pleads that the action did not reasonably advance a legitimate correctional goal by alleging, in addition to a retaliatory motive, that the defendant's actions were "arbitrary and capricious" or that they were

1   "unnecessary to the maintenance of order in the institution."  *Id.*

2          Plaintiff fails to allege facts for each of the elements of a claim for retaliation against any

3   defendant.  Plaintiff's allegations are conclusory as to any protected conduct he in engaged in,

4   and fails to allege facts that each defendant knew of Plaintiff's lawsuits, i.e., the causal

5   connection.  Plaintiff's conclusory allegation of his "belief" that defendants knew of his lawsuits

6   is insufficient.  Plaintiff also fails to allege that any conduct chilled Plaintiff's First Amendment

7   rights or that it did not reasonably advance a legitimate correctional goal.  Plaintiff has been

8   unable to cure this deficiency.

9          **D.      Fourteenth Amendment – Equal Protection**

10          The Equal Protection Clause requires the State to treat all similarly situated people

11  equally.  *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  This does not

12  mean, however, that all prisoners must receive identical treatment and resources.  *See Cruz v.*

13  *Beto*, 405 U.S. 319, 322 n.2 (1972); *Ward v. Walsh*, 1 F.3d 873, 880 (9th Cir. 1993); *Allen v.*

14  *Toombs*, 827 F.2d 563, 568–69 (9th Cir. 1987).

15          "To prevail on an Equal Protection claim brought under § 1983, Plaintiff must allege facts

16  plausibly showing that ' "the defendants acted with an intent or purpose to discriminate against

17  [them] based upon membership in a protected class,' " (citing *Thornton v. City of St. Helens*, 425

18  F.3d 1158, 1166 (9th Cir. 2005)) (quoting *Lee v. City of L.A.*, 250 F.3d 668, 686 (9th Cir. 2001)),

19  or that similarly situated individuals were intentionally treated differently without a rational

20  relationship to a legitimate state purpose, *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601–02

21  (2008); *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Lazy Y Ranch Ltd. v. Behrens*,

22  546 F.3d 580, 592 (9th Cir. 2008); *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th

23  Cir. 2008).

24          Plaintiff has not stated a cognizable equal protection claim.  Plaintiff does not allege that

25  he was discriminated against because of his membership in any protected class.  He also does not

26  allege factual support that he was intentionally treated differently than other similarly situated

27  inmates without a rational relationship to a legitimate state purpose.  Plaintiff has not provided

28  any factual support for this claim.  *Fletcher v. Clendenin*, No. 1:22-CV-00249 AWI BAM, 2022

11

WL 2791480, at *5 (E.D. Cal. July 15, 2022) (Equal Protection claim dismissed for failure to allege factual support for denial of treatment based on membership in a protected class). Plaintiff has been unable to cure this deficiency.

### E.    State Law Claim – Negligence

Plaintiff alleges a negligence claim. To the extent Plaintiff also alleges violations of California law, Plaintiff is informed that the California Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950–950.2. Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. *State v. Super. Ct. of Kings Cty. (Bodde)*, 32 Cal. 4th 1234, 1239 (Cal. 2004); *Shirk v. Vista Unified Sch. Dist.*, 42 Cal. 4th 201, 209 (2007). To state a tort claim against a public employee, a plaintiff must allege compliance with the California Tort Claims Act. Cal. Gov't Code § 950.6; *Bodde*, 32 Cal. 4th at 1244. "[F]ailure to allege facts demonstrating or excusing compliance with the requirement subjects a compliant to general demurrer for failure to state a cause of action." *Bodde*, 32 Cal.4th at 1239.

As Plaintiff has not alleged compliance with the Government Claims Act, he has failed to state a claim under California law.

### VII.   Conclusion and Order

Based on the above, the Court finds that Plaintiff's first amended complaint states a cognizable claim against Defendants A. Rivas, P. Roman, R. Rivera, and M. Dorado for deliberate indifference to the need for medical care in violation of the Eighth Amendment. However, Plaintiff's first amended complaint fails to state any other cognizable claims for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies and further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

///

///

12

Accordingly, it is HEREBY ORDERED as follows:

1. Plaintiff's motion to deny screening requirements and standards by U.S. Magistrate Judge, (ECF No. 19), is DENIED as moot; and

2. The December 22, 2023 findings and recommendations regarding dismissal of certain claims and defendants, (ECF No. 18), are VACATED.

* * *

Furthermore, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's first amended complaint, filed November 22, 2023, (ECF No. 11), against Defendants A. Rivas, P. Roman, R. Rivera, and M. Dorado for deliberate indifference to the need for medical care in violation of the Eighth Amendment; and

2. All other claims be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

* * *

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __January 9, 2024__          _____ /s/ *Barbara A. McAuliffe* _____
                                       UNITED STATES MAGISTRATE JUDGE