1
2
3
4
5
6
7
8
# UNITED STATES DISTRICT COURT

9
### EASTERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16

| | |
|---|---|
| MOU SENG SEE, | Case No.  1:23-cv-01354-KES-BAM (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| v. | (ECF No. 29) |
| RIVAS, *et al.*, | |
| Defendants. | |

17      Plaintiff Mou Seng See ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma*

18  *pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on

19  Plaintiff's first amended complaint against Defendants Rivas, Roman, Rivera, and Dorado for

20  deliberate indifference to the need for medical care in violation of the Eighth Amendment.

21      Currently before the Court is Plaintiff's motion for appointment of counsel, filed April 4,

22  2024.  (ECF No. 29.)  Plaintiff requests appointment of counsel because he believes something

23  illegal happened in this incident, and professional assistance may be required to protect his

24  interests and prove his claim the right way within the law.  (*Id.*)

25      Plaintiff is informed that he does not have a constitutional right to appointed counsel in

26  this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other*

27  *grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to

28  represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist.*

1

1    *of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may

2    request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at

3    1525.

4         Without a reasonable method of securing and compensating counsel, the Court will seek

5    volunteer counsel only in the most serious and exceptional cases.  In determining whether

6    "exceptional circumstances exist, a district court must evaluate both the likelihood of success on

7    the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

8    complexity of the legal issues involved."  *Id.* (internal quotation marks and citations omitted).

9         The Court has considered Plaintiff's request, but does not find the required exceptional

10   circumstances.  Even if it is assumed that Plaintiff has made serious allegations which, if proved,

11   would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed

12   almost daily by prisoners who must litigate their cases without the assistance of counsel.

13        Furthermore, at this stage in the proceedings, the Court cannot make a determination that

14   Plaintiff is likely to succeed on the merits.  Although Plaintiff's complaint was found to state

15   cognizable claims, this does not mean there is a likelihood of success on the merits.  Finally,

16   based on a review of the record in this case, the Court does not find that Plaintiff cannot

17   adequately articulate his claims.

18        Accordingly, Plaintiff's motion to appoint counsel, (ECF No. 29), is HEREBY DENIED,

19   without prejudice.

20
21   IT IS SO ORDERED.

22    Dated:   **April 8, 2024**              /s/ *Barbara A. McAuliffe*

23                                    UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28