# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOU SENG SEE,<br><br>           Plaintiff,<br><br>   v.<br><br>RIVAS, *et al.*,<br><br>           Defendants. | Case No.  1:23-cv-01354-KES-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br>(ECF No. 42)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR SUBPOENA AS MOOT<br>(ECF No. 49) |

**I.    Procedural History**

Plaintiff Mou Seng See ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendants Rivas, Roman, Rivera, and Dorado ("Defendants") for deliberate indifference to the need for medical care in violation of the Eighth Amendment.

On September 9, 2024, Plaintiff filed a motion to compel.  (ECF No. 42.)  Following a meet and confer, the parties filed a joint statement indicating that they were unable to resolve the discovery dispute and Request for Production No. 2 remained at issue.  (ECF No. 45.)  The Court reinstated briefing on the motion to compel as to Request for Production No. 2.  (ECF No. 46.)  Plaintiff filed a further response to the joint statement and the motion to compel on October 15, 2024, and Defendants filed an opposition to the motion to compel on November 5, 2024.  (ECF Nos. 47, 48.)  Plaintiff did not file a reply brief, and the deadline to do so has expired.

1

On December 6, 2024, Plaintiff filed a request for subpoena regarding a separate discovery dispute. (ECF No. 49.) Defendants filed a response on January 7, 2025. (ECF No. 50.) Although Plaintiff has not yet had the opportunity to file a reply brief, the Court finds a reply is not necessary.

Plaintiff's motion to compel and request for subpoena are both deemed submitted. Local Rule 230(l).

## II.    Plaintiff's Motion to Compel

In the motion to compel, Plaintiff seeks further responses to Request for Production of Documents, Set One served on August 26, 2024. (ECF No. 42.) Following the parties' meet and confer, the motion to compel is limited to Request for Production No. 2. (ECF No. 45.) Plaintiff objects to Defendants' response because of the declaration provided by J. Barba, Litigation Coordinator for the California Substance Abuse Treatment Facility in Corcoran. (ECF No. 42.) Plaintiff argues that J. Barba cannot be fair or unbiased because J. Barba is the subject of a pending civil lawsuit filed by Plaintiff in Kings County Superior Court, No. 23CL0854. Plaintiff also disagrees with Defendants' arguments because he is not requesting the names of family members, names of inmates who filed an appeal against Defendants, addresses, or any information that will put the officers, the institution, or inmates in any danger. Plaintiff argues that if Defendants have a history of misconduct, he wants to put that on the record to show a history of neglect to show the jury that Defendants have prior misconduct of the same nature. Plaintiff is not requesting to keep any documents or information, but wishes to submit all records to the Courts to show the jury that Defendants have a history of official misconduct and that Plaintiff is not the first inmate to be the subject of their neglect. (*Id.*)

In opposition, Defendants argue that Defendants properly declined to disclose documents from Defendants' personnel files under the official-information privilege. (ECF No. 48.) Plaintiff has not met his burden to overcome the official-information privilege, instead arguing that J. Barba cannot be fair in making determinations because Plaintiff has personally sued him. Plaintiff's motivation to show a history of similar misconduct to a jury is inapposite to Federal Rule of Evidence 404's prohibition against evidence of any other wrong or act seeking to prove

2

that a person on a particular occasion acted in accordance with their character, and the material Plaintiff seeks is exclusively inadmissible.  (*Id.*)

### A. Legal Standard for Motions to Compel

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B).  The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4).  "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" *Hunt v. Cty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)).

The moving party bears the burden of informing the Court: (1) which discovery requests are the subject of the motion to compel; (2) which of the responses are disputed; (3) why the response is deficient; (4) why any objections are not justified; and (5) why the information sought through discovery is relevant to the prosecution or defense of this action.  *McCoy v. Ramirez*, 2016 WL 3196738 at *1 (E.D. Cal. 2016); *Ellis v. Cambra*, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified.").

In responding to requests for production, a party must produce documents or other tangible things which are in their "possession, custody or control." Fed. R. Civ. P. 34(a). Responses must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons.  Fed. R. Civ. P. 34(b)(2)(B).  A reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, *Uribe v. McKesson*, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2–3 (E.D. Cal. Mar. 9, 2010).

Actual possession, custody or control is not required.  "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the

3

document or has control over the entity [that] is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal. 1995); *see also Allen v. Woodford*, 2007 WL 309945, at *2 (E.D. Cal. Jan. 30, 2007) ("Property is deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand.").

**B.    Discussion – Request for Production of Documents ("RFP") No. 2**

RFP No. 2:

I am requesting for name[d] defendants person[ne]l records regarding history of misconduct appeals filed against name defend[a]nts involving their neglect and wrong doing involving inmates.

Response to RFP No. 2:

Defendants object to this request on the grounds that this request fails to "describe with reasonable particularity each item or category of items to be inspected" as required by Federal Rule of Civil Procedure 34(b)(1)(A). Defendants further object on the ground that the request is overly broad in that it is not narrowed in time or subject matter and seeks material irrelevant to the merits of this case as "wrong doing involving inmates," which would necessarily include matters beyond the facts at issue here. Defendants also object on the grounds that the request is vague and ambiguous as to the phrasing of "neglect" and "wrong doing involving inmates," requiring Defendants to speculate as to the intended meaning. Additionally, Defendants object on the grounds that the request potentially seeks information that would violate the privacy rights of officers as well as the privacy rights of inmates who may have filed grievances or appeals against any named defendants. And it seeks information that is privileged, including information protected under the official-information privilege and, potentially, the deliberative-process privilege, as this request seeks information that would be contained in the Defendants' personnel files as well as material related to any investigations that encompasses the deliberative processes of CDCR.

Based on the foregoing objections and the supporting declaration, Defendants do not produce any documents in response to this request.

<u>Ruling on RFP No. 2</u>:

Plaintiff's request is overly broad, geared towards obtaining inadmissible character evidence, and not proportional to the needs of his case. Generally, evidence of a person's character is not admissible to prove they acted in conformity with that character on a particular occasion. Fed. R. Evid. 404(a). It is well established that blanket requests for all grievances against defendants in order to establish a pattern of misconduct may be considered overbroad and burdensome. *Valenzuela v. Smith*, Case No. CIV S-04-0900 FCD DAD P, 2006 WL 403842, at *2 (E.D. Cal. Feb. 15, 2006). By Plaintiff's own admission, RFP No. 2 seeks evidence to show that Defendants "have a history of misconduct" and "a history of . . . neglect." (ECF No. 42, p. 2.) Defendants' objections to RFP No. 2 on the grounds that the request is overly broad and seeks material irrelevant to the merits of this case are sustained. The motion to compel is denied.

In light of the above finding, the Court finds it unnecessary to address Defendants' assertions of the official-information or deliberative-process privileges.

## III. Plaintiff's Request for Subpoena

In his December 6, 2024 discovery motion, Plaintiff requests that the Court issue a subpoena duces tecum for the production of body worn video footage, and all other video footage, related to the incident that occurred on July 24, 2023. (ECF No. 49.) Plaintiff has submitted multiple requests to view the footage to prison staff and defense counsel, but it has been several months and he still has not viewed the footage. (*Id.*)

On January 7, 2025, Defendants filed a response indicating that defense counsel and Plaintiff reviewed the video footage together following Plaintiff's deposition on January 6, 2025. (ECF No. 50.) The materials included footage from four body worn cameras and one fixed camera in the E-Yard kitchen. Defendants' response is supported by a declaration of counsel signed under penalty of perjury. To the extent the Court construes Plaintiff's motion as a second or supplemental motion to compel, Defendants oppose the motion as moot, given that Plaintiff has now seen the video footage he seeks in his motion. (*Id.*)

In light of defense counsel's declaration indicating that Plaintiff has now viewed the requested video footage, Plaintiff's request for a subpoena is denied as moot.

**IV.     Order**

Based on the foregoing, it is HEREBY ORDERED as follows:

1. Plaintiff's motion to compel, (ECF No. 42), is DENIED; and
2. Plaintiff's request for subpoena, (ECF No. 49), is DENIED as moot.

IT IS SO ORDERED.

Dated:   **January 8, 2025**          /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE

6