# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOU SENG SEE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RIVAS, *et al.*,<br><br>　　　　Defendants. | Case No. 1:23-cv-01354-KES-BAM (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO FILE VIDEOS UNDER SEAL<br><br>(ECF No. 66) |

Plaintiff Mou Seng See ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. This action proceeds against Defendants Rivas, Roman, Rivera, and Dorado ("Defendants") for deliberate indifference to the need for medical care in violation of the Eighth Amendment.

On June 6, 2025, Defendants filed a motion for summary judgment on the grounds that: (1) there is no genuine issue as to any material fact and Defendants are entitled to judgment as a matter of law; and (2) Defendants are entitled to qualified immunity. (ECF No. 67.) Defendants also filed a motion to file videos submitted in support of the motion for summary judgment under seal. (ECF No. 66.)

Although Plaintiff filed an opposition to Defendants' motion for summary judgment, (ECF No. 69), Plaintiff did not file a response to Defendants' motion to file videos under seal, and the time to do so has expired. The motion to file videos under seal is deemed submitted.

1

Local Rule 230(l).

Defendants move to file under seal for *in camera* review video footage of the E-Facility kitchen at SATF as well as body worn camera footage from the three custody defendants. (ECF No. 66.) The videos are maintained as confidential by the California Department of Corrections and Rehabilitation ("CDCR") and Defendants contend that public disclosure of the videos could threaten the safety and security of CDCR institutions, staff, or inmates. Disclosure of images depicting security camera viewpoints (and their limitations) as well as the administrative or investigative practices of staff through their body worn cameras could compromise the safety and security of the institution, staff, or inmates. Disclosure of these images to inmates, staff, or anyone with interest could assist or encourage disruptive or unlawful conduct, including violence, the hiding of contraband, attempts to escape the prison, the fabrication of frivolous lawsuits, or other obstructions to the prison's operations. Defendants argue that the threat posed by disclosure can be mitigated by providing Plaintiff an opportunity to view the videos under staff or counsel supervision, prohibiting Plaintiff from making a copy of the videos or images contained within the videos, and prohibiting any other inmate from viewing the videos with Plaintiff. Upon request by Plaintiff, the SATF Litigation Coordinator and counsel for Defendants will facilitate Plaintiff's viewing of the video exhibits so that he will not be prejudiced by the Court's sealing order, and Plaintiff has already viewed the related footage through the channels above during the discovery process. (*Id.*) The videos have also been submitted to the Court for *in camera* review pursuant to Local Rule 141.

Filings in cases such as this are a matter of public record absent compelling justification. *United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008). The Court has conducted an *in camera* review of the videos to determine if the information is of a nature that clearly would require the Court to maintain confidentiality. The Court finds that public disclosure of the videos could threaten the safety and security of CDCR institutions, staff, or inmates. Further, in light of Plaintiff's failure to file an opposition to Defendants' motion to file the videos under seal, Plaintiff's prior viewing of the videos during discovery, and defense counsel's ability to facilitate Plaintiff's further viewing of the videos upon Plaintiff's request, the Court finds that Plaintiff will

1  not be prejudiced by the Court's sealing order.  These are compelling justifications for sealing at
2  this time.
3      Although Defendants have requested that the videos remain under seal for 10 years from
4  the date the case is closed, (ECF No. 66-3, p. 2), it is the practice of this Court to maintain case
5  documents under seal for an undetermined time period, until they are ordered unsealed by the
6  Court.  Accordingly, the Court shall grant Defendants' motion to file videos under seal.  The
7  videos shall remain under seal until ordered unsealed by the Court.
8      Based on the foregoing, IT IS HEREBY ORDERED that:
9   1. Defendants' motion to file videos under seal, (ECF No. 66), is GRANTED;
10  2. The videos shall remain under seal until ordered unsealed by the Court; and
11  3. The videos **shall not** be disclosed to Plaintiff, except under the conditions specified above,
12     or the general public.

IT IS SO ORDERED.

Dated:   **July 15, 2025**          /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE

3