UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MOU SENG SEE,

Plaintiff,

v.

RIVAS, et al.,

Defendants.

No. 1:23-cv-01354-KES-BAM (PC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Docs. 67, 75

Plaintiff Mou Seng See is state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. See alleges that defendants A. Rivas, R. Rivera, P. Roman, and M. Perez-Dorado were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment, following a physical altercation involving See and another inmate on July 24, 2023. Doc. 11. Defendants moved for summary judgment on June 6, 2025. Doc. 67.

On March 31, 2026, the magistrate judge issued findings and recommendations that recommended defendants' motion for summary judgment be granted. Doc. 23. Specifically, the magistrate determined that undisputed video and documentary evidence showed that defendants were not deliberately indifferent to a serious medical need in violation of the Eighth Amendment.

*Id.* at 14-21. Given this determination, the magistrate judge found it unnecessary to reach defendants' qualified immunity argument. *Id.* at 21. The Court served the findings and recommendations on See with a notice that any objections were to be filed within fourteen (14) days. Doc. 75 at 22. Following multiple extensions of time, See filed objections. Doc. 87.

In accordance with 28 U.S.C. § 636(b)(1), the Court conducted a de novo review. Having carefully reviewed the matter, including See's objections, the Court concludes the findings and recommendations are supported by the record and by proper analysis.

See sets forth two primary objections. First, See objects that he is not the person in the body worn camera footage submitted by defendants and relied on by the magistrate judge. Doc. 87 at 3–5. But See did not previously object to the body worn camera footage in his opposition to the motion for summary judgment. See also cited the body worn camera footage in his prior briefing without objection. *See*, *e.g.*, Doc. 69 at 4, 12, 13, 14, 15, 57-59. And the record reflects that See reviewed the body worn camera footage during discovery and prior to its submission in support of the motion for summary judgment. *See* Doc. 66 at 3 n.1. See's untimely objection to the video evidence is inconsistent with his prior filings, and his objection is not supported by the record in this action. See's objection does not identify a material disputed fact in the summary judgment record and does not provide a basis for rejecting the magistrate judge's findings and recommendations.

Second, See objects to the magistrate judge's finding that he declined treatment at any point because if he did so, then defendants were obligated to complete a CDCR 7225 Refusal of Examination and/or Treatment form, which he asserts they did not do. *See* Doc. 87 at 7, 8, 9–10, 11. But regardless of whether a form should have been completed, the undisputed facts, supported by the video evidence, demonstrate that See declined medical assistance when asked by defendant Rivera, and declined to be seen by a registered nurse for further medical treatment when asked by defendant Roman. Docs. 67-4, 67-7, 67-8 and Body Worn Camera Footage. See additionally objects that there is no evidence that defendant Roman conducted a medical evaluation. Doc. 87 at 8. But Roman declared under penalty of perjury that she completed a 7219 report for See on July 24, 2023. Doc. 67-7. Roman documented abrasions, bruises,

swelling, and reddening on See's face, noted See was alert, coherent, and responsive throughout the evaluation, and asked if See wished to see a registered nurse for further medical treatment, which See declined. Doc. 67-7, ¶¶ 7-9.

See also objects on the basis that he was "unconscious" and does not remember the encounters with the various defendants. But the undisputed evidence shows that plaintiff was awake and responsive when interacting with the defendants and that he complied with the defendants' directions. To the extent See indicates he does not recall those interactions captured on the video, that does not undermine the finding that defendants were not subjectively aware of plaintiff's alleged serious medical need. See fails to establish that defendants were deliberately indifferent to a serious medical need. See's remaining objections merely reassert his arguments in opposition to the motion for summary judgment, and they do not establish any deficiency in the findings and recommendations.

The Court ORDERS:

1. The findings and recommendations issued on March 31, 2026 (Doc. 75) are ADOPTED in full.
2. Defendants' motion for summary judgement (Doc. 67) is GRANTED.
3. The Clerk of the Court is directed to enter judgment in favor of defendants and to close this case.

IT IS SO ORDERED.

Dated: September 23, 2026

UNITED STATES DISTRICT JUDGE